# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **KEVIN D. WILLIAMS** | **CIVIL ACTION** |
| **VERSUS** | |
| **WARNER CONSTRUCTION COMPANY** | **NO. 23-1414-JWD-SDJ** |

## NOTICE

Please take note that the attached Magistrate Judge's Report and Recommendation has been filed with the Clerk of the U.S. District Court for the Middle District of Louisiana.

Under 28 U.S.C. § 636(b)(1), you have **14 days** from receipt of this Notice to file written objections to the proposed findings of fact and conclusions of law in the Magistrate Judge's Report and Recommendation. A failure to object will constitute a waiver of your right to attack the factual findings on appeal.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on September 18, 2024.

_____
**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **KEVIN D. WILLIAMS** | **CIVIL ACTION** |
| **VERSUS** | |
| **WARNER CONSTRUCTION COMPANY** | **NO. 23-1414-JWD-SDJ** |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff initiated this action on October 2, 2023, against Warner Construction Company, alleging personal injury. (R. Doc. 1). On April 10, 2024, the Court issued an Order (R. Doc. 2) that ordered Plaintiff to "pay $405.00, the full amount of the Court's filing fee, or file a Motion to Proceed *in forma pauperis*" within 21 days—i.e., by May 1, 2024. (R. Doc. 2). The Order also put Plaintiff on notice that "[f]ailure to pay the filing fee or file a Motion to Proceed *in forma pauperis* within 21 days shall result in the dismissal of Plaintiff's Complaint without further notice from the Court." (R. Doc. 2). Plaintiff, however, did not comply with this Court's Order, or otherwise respond, and the filing fee has not been paid as of the date of this Report and Recommendation, despite over 4 months having passed. *See* Local Civil Rule 41(b)(2) ("If no response is received within the allotted time, the Court may dismiss the civil action."). In fact, Plaintiff has taken no action or otherwise been responsive in this proceeding since he filed his Complaint (R. Doc. 1) almost one year ago.

Local Civil Rule 41(b) allows the Court to dismiss any cause of action for the plaintiff's failure to prosecute. Plaintiff was notified that his cause of action would be dismissed if he failed

to pay the filing fee by May 1, 2024. He not only has failed to comply but also has taken no action to further his case since its filing.

Accordingly,

**IT IS RECOMMEDED** that Plaintiff's action be **DISMISSED without prejudice** for failure to prosecute under Local Civil Rule 41(b).

Signed in Baton Rouge, Louisiana, on September 18, 2024.

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**